BRAUN, Appellant,

v.

WATSON et al., Appellees.

[Cite as *Braun v. Watson,* 178 Ohio App.3d 413, 2008-Ohio-5078.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 08CAE040013.

Decided Sept. 29, 2008.

Roetzel & Andress and Michael S. Yashko, for appellant and cross-appellee.

Caborn & Butauski Co., L.P.A., and David A. Caborn, for appellees and cross-appellants.

HOFFMAN, Presiding Judge.

{¶ 1} Plaintiff-appellant and cross-appellee Robert A. Braun appeals the March 10, 2008 judgment entry of the Delaware County Court of Common Pleas, overruling his objections to the magistrate's April 20, 2007 decision with respect to an award of attorney fees, and approving and adopting said decision as an order of the court. Defendants-appellees and cross-appellants Peter Watson et al. appeal the same with respect to the trial court's overruling their objections to the magistrate's decision, which ordered partial enforcement of the parties' previous settlement agreement.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant and appellees are neighbors. They live on adjoining parcels. Appellant was the plaintiff in a prior action against appellees relative to stormwater runoff in appellant's backyard, case No. 04–CV–H–09–0958. On the eve of trial, the parties entered into a written settlement agreement.

{¶ 3} Section 1 of the agreement reads: "[Appellees] shall cause Buckeye Landscape (or another qualified contractor if Buckeye fails to timely perform) to re-grade the entire Disputed Area by lifting the existing sod, lowering the grade approximately 2"–3", hauling away the excess soil and reinstalling the sod. The parties agree that the intent of the foregoing is to insure that surface water

flowing across [appellant's] Lot will exit [his] lot onto [appellees'] Lot and drain in such a manner that water will not accumulate or "pond" on [appellant's] Lot."

{¶ 4} Section 2 of the agreement provides: "[Appellees] shall cause the Remedial Measures to be completed no later than October 15, 2005, subject to the scheduling priorities of Buckeye Landscape. After completing the Remedial Measures, [Appellees agree] not to alter the grade of the Disputed Area in the future or to otherwise impede the flow of surface water off of [appellant's] Lot. At [appellant's] expense, Hockaden and Associates shall be entitled to field verify the water will drain to from [sic] [appellant's] Lot to the 'original drain.' If Hockaden and Associates concludes that the water will not so drain, then Hockaden and Buckeye Landscape will agree upon the appropriate corrective action. If Hockaden and Buckeye cannot agree as to the corrective action, the parties will agree upon an independent engineer to be the final arbiter of the issue. [Appellees agree] to cause Buckeye Landscape to complete such corrective action within 14 days of notice of the measures needed * * *."

{¶ 5} Appellees had Buckeye Landscape perform certain work. Appellant was not happy with the completed work, claiming it was not carried out in accordance with the agreement. Appellant ultimately filed a complaint against appellees, alleging breach of the agreement and seeking specific performance. Appellants counterclaimed, maintaining that the agreement required the parties to submit any disputes to an independent engineer who would be the final arbiter of the issues in dispute. Appellees also filed a motion to enforce the alternative-dispute-resolution provision set forth in the agreement, requesting that the trial court issue an order to that effect. Appellant filed a motion for partial summary judgment, alleging that appellees had breached the terms of the agreement as the entire disputed area had not been regraded. The trial court denied the motion, finding that a genuine issue of material fact existed as to whether the entire disputed area had been regraded. The matter proceeded to trial before the magistrate on November 21, 2006, on this issue.

{¶ 6} The magistrate found that the agreement did not define the disputed area. Based upon an original sketch of appellees' backyard, which was prepared by appellees' expert, as well as the expert's testimony, the magistrate determined the disputed area to be 30 feet by 30 feet. Appellees' expert also testified that if excavation did not occur to the tree line on appellees' property, the remedial measures called for in the agreement were not satisfied. Such excavation did not occur. A representative of Buckeye Landscape, who viewed the completed work, testified that the regraded/resodded area was only 20 feet by 20 feet. The magistrate concluded that appellees had not completed the remedial measures as required by the agreement. The magistrate further found that the regrading of the disputed area did not comply with the terms of the agreement. Several

experts testified that the regrading that had been done did not lower the grade the two to three inches required by the agreement. The magistrate recommended after the entire disputed area was regraded, any unresolved issues relative to drainage be sent to an independent arbiter.

{¶ 7} The parties each filed objections to the magistrate's decision. Appellant objected to the magistrate's failure to recommend appellees pay appellant's attorney fees, expert fees, and costs as appellees were the "unsuccessful party" under Section 8.8 of the agreement.

{¶ 8} Appellees objected to the magistrate's finding in favor of appellant, finding the disputed area to be 30 feet by 30 feet, finding that the regrading did not comply with the terms of the agreement and granting their motion to enforce only in part.

{¶ 9} The trial court overruled all of the objections and adopted the magistrate's decision via judgment entry filed March 10, 2008.

{¶ 10} It is from this entry that appellant appeals, raising as his sole assignment of error:

{¶ 11} "I. The trial court erred in failing to award to plaintiff-appellant Robert A. Braun his attorneys' fees experts' fees and costs because the plain language of the parties' settlement agreement provided that the 'unsuccessful party *shall* pay the other party's attorneys' fees experts' fees and costs.'"

{¶ 12} Appellees cross-appeal, assigning as error:

{¶ 13} "I. The trial court erred in adopting the magistrate's recommendation that the court grant the appellees/cross-appellants' motion to enforce the settlement agreement in part.

{¶ 14} "II. The trial court erred in adopting the magistrate's determination that appellees/cross-appellants did not cause buckeye landscape to execute the work called for in the settlement agreement.

{¶ 15} "III. The trial court erred in determining that the magistrate's recommendation to find in favor of appellant represents a legal determination that appellees/cross-appellants breached the terms of the settlement agreement."

## APPEAL I

{¶ 16} In his sole assignment of error, appellant maintains that the trial court in failing to order appellees to pay his attorney fees, expert fees, and costs as required by the clear and unambiguous language of the agreement, specifically Section 8.8.

{¶ 17} Section 8.8 of the agreement provides: "Should either party be required to enforce this Agreement, the unsuccessful party shall pay the other party's attorneys' fees, experts' fees and costs in an amount to be determined by the Court."

{¶ 18} Appellees contend that they do not fall within the definition of "unsuccessful party" because the magistrate's decision with respect to appellant merely amounted to a declaration as to what constitutes the disputed area. They argue that such declaration did not render appellees unsuccessful. According to appellees, the ultimate issue was the exact measurement of the disputed area. Appellees explain that without this determination, the parties were not able to fully comply with the agreement. Appellees conclude that the trial court properly found that appellant was not entitled to fees and costs. We disagree.

{¶ 19} In his complaint, appellant alleged breach of contract based upon appellees' failure to regrade the entire disputed area. The record reveals that prior to the parties' entering into the agreement, David Amorose, on behalf of Buckeye Landscape and upon request of appellees, prepared a sketch of appellees' backyard that showed the area that needed to be regraded/resodded. The original sketch was drawn to scale with one inch reflecting 20 feet. An enlargement of the sketch was attached to the agreement as "Exhibit A." Amorose testified that, although the enlargement of the sketch caused the removal of the scale from the sketch, there was no intent to change the scale from that of the original sketch.

{¶ 20} Appellees hired Buckeye Landscape to determine the extent and type of remedial work that needed to be performed in order to address the drainage issue. Appellees knew, prior to entering into the agreement, that the size of the area that needed to be addressed was 30 feet by 30 feet; nonetheless, Buckeye Landscape only performed work on a 20–by–20 area. Appellees cannot subsequently claim that the agreement was ambiguous as to the exact measurement of the disputed area because they requested the preparation of the original sketch that became part of the agreement. Appellees' failure to have Buckeye Landscape complete the work on the entire disputed area resulted in appellant's bringing the instant action in order to enforce the agreement.

{¶ 21} Because appellees did not comply with the terms of the agreement, and appellant was required to seek its enforcement, we find that the trial court erred in failing to award appellant attorney fees, expert fees, and costs associated with this litigation.

{¶ 22} Appellant's sole assignment of error is sustained.

CROSS–APPEAL I, II, III

{¶ 23} In their brief to this court, appellees discuss their assignments of error together. We shall do the same. In their first cross-assignment of error, appellees submit that the trial court erred in adopting the magistrate's recommendation their motion to enforce the arbitration provision be granted only in part. In their second assignment of error, appellees maintain that the trial court erred in adopting the magistrate's determination that they did not have Buckeye Landscape execute the work required by the agreement. In their third assignment of error, appellees argue that the trial court erred in determining that the magistrate's recommendation to find in favor of appellant represents a legal determination that appellees breached the terms of the agreement.

{¶ 24} Section 8.4 of the agreement specifically provides: "Any dispute concerning this Agreement shall be resolved in the Court of Common Pleas of Delaware County, Ohio." Only a single, narrow, technical issue was subject to submission to an arbiter after Buckeye Landscape completed the regrade as agreed.

{¶ 25} The trial court found that it had jurisdiction over the issue of whether the work initially performed by Buckeye Landscape complied with the agreement as to the disputed area and the appropriate regrading. The trial court further found that the only issue subject to arbitration was drainage.

{¶ 26} Appellees contend that the issues raised by appellant fall within the purview of the alternative-dispute-resolution provision set forth in the agreement. After the work was completed by Buckeye Landscape, appellant asserted that the remedial measures were not executed in such a manner as to ensure the proper drainage of water and that the failure was due to deficiencies in the work performed by Buckeye Landscape. Appellees submit that these complaints of alleged failures to comply triggered Section 2 of the agreement; therefore, the entire matter should have been resolved by an independent arbiter rather than the trial court.

{¶ 27} With respect to appellees' second and third assignments of error, appellees, as they did in their response to appellant's first assignment of error, assert that the agreement was silent as to the dimensions of the disputed area.

{¶ 28} As discussed above, appellees knew the dimensions of the disputed area when they entered into the agreement. Buckeye Landscape was hired by appellees to create a plan that became the basis of the agreement. The drawing provided by Buckeye utilized a scale of one inch equals 20 feet. Using this scale, the drawing measures the disputed area as 30 feet by 30 feet.

{¶ 29} We find that the plain language of the agreement establishes that the arbitration provision applied only to situations in which the parties' experts could

not agree on the appropriate corrective action *if* the water is not properly draining after the remedial measures were completed. The record contains sufficient evidence to establish that the disputed area was 30 feet by 30 feet; the area Buckeye Landscape regraded was only 20 by 20; and the regrading was not in compliance with the agreement. The agreement is very specific as to the remedial measures required to cure this water problem.

{¶ 30} Appellees' first, second, and third cross-assignments of error are overruled.

{¶ 31} The judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for a determination of the amount of attorney fees and costs to which appellant is entitled.

Judgment accordingly.

Gwin and Wise, JJ., concur.